## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CASSANDRA BOYLE, individually and ) 
on behalf of all others similarly situated, )
                                  )
           Plaintiff, )
                                  )
          v. )     Case No. 3:19-cv-00498
                                  )
HARBOR FREIGHT TOOLS USA, INC., )
                                  )
          Defendant. )

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441, and 1446, Defendant Harbor Freight Tools USA, Inc. ("Defendant") hereby provides notice of removal of this action from the Circuit Court of St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois.  In support of this Notice of Removal, Defendant states as follows:

1.      On March 5, 2019 Plaintiff Cassandra Boyle ("Plaintiff") filed a putative class action complaint against Defendant in the Circuit Court of St. Clair County, Illinois, captioned *Cassandra Boyle v. Harbor Freight Tools USA, Inc.*, No. 2019-L-0188 (the "State Court Action").

2.      Defendant was served with a copy of the summons and complaint in the State Court Action on April 11, 2019.

3.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Defendant was served with the initial pleading.

4.      Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as Exhibit 1.

5.      Plaintiff alleges that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), through the use of finger-scan technology. (*See*

Ex. 1, Compl. ¶¶ 20-38.)  Specifically, Plaintiff alleges that Defendant collects, captures, records,

stores, or obtains employees' allegedly biometric information (finger-scans) when the employees

clock in or out of work without first obtaining informed written consent or publishing a retention

policy. (*See id.* ¶¶ 21, 26, 29.)  Based on those allegations, Plaintiff asserts two counts for alleged

violation of BIPA, in both her individual and representative capacity. (*See id.* ¶¶ 65-97.)

## I.      Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332(a)

6.      Pursuant to 28 U.S.C. §§ 1332 and 1441(b), removal is proper because there is

complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy

exceeds $75,000.  *E.g.*, *Carroll v. Stryker Corp.*, 658 F.3d 675, 680-81 (7th Cir. 2011).

7.      According to the allegations in the Complaint, Plaintiff is a citizen and resident of

Illinois. (Compl. ¶ 1.)

8.      Defendant is a Delaware corporation with its headquarters and principal place of

business in Calabasas, California.

9.      Because Plaintiff is a citizen of Illinois, while Defendant is a citizen of Delaware

and California, there is complete diversity of citizenship.  *Detrick v. Home Depot, U.S.A.*, No. 13

C 3878, 2013 WL 3836257, at *1 n.1 (N.D. Ill. July 23, 2013).

10.      In determining whether the jurisdictional threshold amount of $75,000 is satisfied,

district courts consider the totality of the relief sought, which "includes monetary damages,

attorney's fees, and 'the cost a defendant incurs in complying with injunctive relief.'" *The Home

Depot, Inc. v. Rickher*, No. 06-8006, 2006 WL 1727749, at *1 (7th Cir. May 22, 2006) (quoting

*Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004)).

11.      For purposes of assessing the amount in controversy, Plaintiffs' allegations are

accepted as true. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289

(1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

12.     Plaintiff alleges that "[e]ach time Plaintiff began and ended her workday, she was required to 'clock-in' and 'clock-out' using a timeclock that operated, at least in part, by scanning Plaintiff's fingerprint." (Compl. ¶ 7.)

13.     Plaintiff seeks "liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages, whichever is greater, for each violation of BIPA," "attorneys' fees and costs," "injunctive relief," and other unspecified relief. (Compl., Prayer for Relief.) She seeks to assert claims going back five years. (Compl. ¶ 60.)

14.     According to records maintained by Defendant in the ordinary course of business, Plaintiff used the timeclock at issue in the Complaint more than 15 times within the five years preceding the filing of the Complaint. Because Plaintiff is seeking statutory damages of up to $5,000 for each time she used the timeclock at issue in the Complaint, in addition to injunctive relief, attorneys' fees, costs, and other unspecified relief, the amount in controversy exceeds $75,000.[1]

15.     Accordingly, both the diversity and amount-in-controversy prongs are satisfied with respect to Defendant, and removal is therefore proper under 28 U.S.C. §§ 1332 and 1441(b).

## II.     Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)

16.     Pursuant to 28 U.S.C. § 1332(d), removal is proper because the United States District Courts have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state

---

[1]     Defendant denies that BIPA allows for recovery of the statutory amount for each and every time that Plaintiff used the timeclock. Defendant also denies that BIPA claims are subject to a five-year statute of limitations. However, Plaintiff's allegations and requested relief must be accepted as true for purposes of determining the amount in controversy for purposes of removal.

different from any defendant, and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). *See also Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[2] Here, all three conditions are satisfied.

17.     According to records maintained by Defendant in the ordinary course of business, Defendant employed more than 1,000 employees in Illinois who used the finger-scan timekeeping system within the five years preceding the filing of the Complaint through the present.

18.     Because Plaintiff is seeking statutory damages of up to $5,000 for each alleged violation of BIPA, in addition to injunctive relief, attorneys' fees, costs, and other unspecified relief, the amount in controversy exceeds $5,000,000 as required by 28 U.S.C. § 1332(d)(2).

19.     As established above, Plaintiff is a citizen of Illinois and Defendant is a citizen of Delaware and California.  Accordingly, at least one member of the class of plaintiffs is a citizen of a state different from the defendant as required by 28 U.S.C. § 1332(d)(2)(A).

20.     Because this matter satisfies all requirements of 28 U.S.C. § 1332(d), this matter is removable under the Class Action Fairness Act of 2005.

### III.     Venue

21.     Venue is proper in the Southern District of Illinois located in East St. Louis, Illinois, because the State Court Action is pending within the jurisdictional confines of this Court.  28 U.S.C. § 1446(a).

22.     Defendant will provide written notice of the filing of this Notice of Removal to Plaintiff and the Circuit Court of St. Clair County.

---

[2]     By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendant does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

WHEREFORE, Defendant Harbor Freight Tools USA, Inc. hereby removes this civil action to this Court on the bases identified above.


Dated:  May 10, 2019                    HARBOR FREIGHT TOOLS USA, INC.

By:  /s/ Russell K. Scott
Russell K. Scott (rks@greensfelder.com)
**GREENSFELDER, HEMKER & GALE, P.C.**
12 Wolf Creek Drive, Suite 100
Belleville, Illinois 62226
Telephone: (618) 239-3612

Bonnie Keane DelGobbo (bdelgobbo@bakerlaw.com)
(*pro hac vice* forthcoming)
**BAKER & HOSTETLER LLP**
191 North Wacker Drive, Suite 3100
Chicago, Illinois 60606-1901
Telephone: (312) 416-6200
Facsimile: (312) 416-6201

Joel Griswold (jcgriswold@bakerlaw.com)
(*pro hac vice* forthcoming)
**BAKER & HOSTETLER LLP**
SunTrust Center
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4088

*Counsel for Defendant*

5

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused a true copy of the foregoing **Notice of Removal** to be served on counsel of record via First Class U.S. Mail and email on May 10, 2019 to:

Brandon M. Wise
Paul A. Lesko
PEIFFER WOLF CARR & KANE, APLC
818 Lafayette Avenue, Floor 2
St. Louis, MO 63104
bwise@pwcklegal.com
plesko@pwcklegal.com

*Counsel for Plaintiff*

/s/Russell K. Scott